**IN THE UNITED STATES COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01084-DDD-MDB

KENNETH ESPINOZA,

      Plaintiff,

v.

HENRY TRUJILLO, a Las Animas County Sheriff Deputy, in his individual capacity,
MIKHAIL NOEL, a Las Animas County Sheriff Deputy, in his individual capacity,
REY SANTISTEVAN, Las Animas County Undersheriff, in his official and individual capacity,
SHERIFF DEREK NAVARETTE, Las Animas County Sheriff in his official and individual capacity, and
LAS ANMIAS COUNTY BOARD OF COUNTY COMMISSIONERS,

      Defendants.

---

**DEFENDANTS TRUILLO AND NOEL'S ANSWER TO PLAINTIFF'S THIRD
AMENDED COMPLAINT [ECF 60]**

---

      Defendants Henry Trujillo and Mikhail Noel, by and through their undersigned counsel of record, submit the following Answer to Plaintiff's Third Amended Compliant and Jury Demand ("Plaintiff's Complaint") [ECF 60] as follows:

**I. <u>ANSWER</u>**

      1.     Defendants deny the allegations set forth in paragraphs 21, 30, 93, 94, 95, 136 and 143 of the Complaint.

      2.     Defendants are without sufficient information and knowledge to form a belief as to the veracity of the allegations set forth in paragraphs 1, 2, 33, 39, 40, 42, 47, 59, 60, 65, 66,

67, 68, 70, 71, 72, 78, 83, 84, 85, 87, 88, 89, 91, 96, 98, 99, 100, 101, 103, 104, 130, 131, 132, 133, 134, 135, 137, 140, 142,  and 166 of the Complaint and, therefore, deny the same.

3.      Defendants do not respond to paragraphs 9, 24, 34, 52, 55, 58, 69, 109, 111, 112, 113, 116, 117, 118, 120, 121, 122, 124, 126, 127, 129, 138, 139, 141, 144, 146, 155, 157, 158, 159, 162, 164, 167, and 168 of the Complaint as said paragraphs contain legal conclusions, argument by counsel, and policy statements to which no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same.

4.      Defendants do not respond to paragraphs 4, 5, 6, 7, 8, 61, 63, 73, 74, 79, 81, 82, 147, 148, 149, and 150 of the Complaint as said paragraphs are not directed against Defendants and no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same.

5.      With respect to the allegations set forth in paragraphs 10, 11, and 12 of the Complaint, Defendants do not contest jurisdiction or venue at this time.

6.      With respect to the allegations set forth in paragraph 92, Defendants admit the allegations.

7.      Defendants hereby reincorporate their responses to the allegations that are incorporated and/or re-alleged in paragraphs 105, 114, 119, 123, 128, 145, 151, 156, 160,  and 163 of the Complaint.

8.      With respect to any photographs that are included in the Complaint, no response is required as they are not proper allegations as contemplated by Fed.R.Civ.P. 8. To the extent a

response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same.

9.      With respect to the allegations set forth in paragraph 3 of the Complaint, Defendants admit that they are, and at all times mentioned, residents of Las Animas County, Colorado. Defendants are without sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

10.      With respect to the allegations set forth in paragraph 13 of the Complaint, Defendants admit that Kenneth Espinoza ("Plaintiff") and Nathaniel Espinoza were driving down Main St. in Trinidad, Colorado, when Defendant Noel pulled Nathaniel Espinoza over for a traffic violation. Defendants further admit that Plaintiff pulled off the side of the road onto the sidewalk and parked behind Defendant Noel's patrol vehicle. Defendants deny that Plaintiff was legally parked behind Defendant Noel. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

11.      With respect to the allegations set forth in paragraph 14 of the Complaint, Defendants admit Defendant Trujillo made contact with Plaintiff. Defendants admit that Defendant Trujillo and Defendant Noel ordered Plaintiff to leave. Defendants further admit that Plaintiff put his truck in drive and began to leave. Defendants deny that Plaintiff had committed no crime or traffic infraction and was in no way interfering with the traffic stop. Defendants deny that they had no reason to order Plaintiff to move his truck. Defendants deny that the truck was legally parked and that Plaintiff was doing absolutely nothing wrong. To the extent this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and,

3

therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

12.     With respect to the allegations set forth in paragraph 15 of the Complaint, Defendants admit that Defendant Noel asked Plaintiff to stop. Defendants admit Defendant Noel reached for the door but deny that this was inexplicably done. Defendants further admit that Defendant Noel reached for the door multiple times. Defendants admit that Defendant Noel drew his firearm. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

13.     With respect to the allegations set forth in paragraph 16 of the Complaint, Defendants admit that Plaintiff backed his truck up but deny the description of this as "calmly." Defendants deny that Plaintiff re-parked his truck. Defendants further deny that Defendant Trujillo had a firearm drawn. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

14.     With respect to the allegations set forth in paragraph 17 of the Complaint, Defendants admit that Defendant Trujillo grabbed Plaintiff's arm; Defendant Noel entered the truck from the passenger side; Defendants took Plaintiff out of the truck; and Defendant Noel holstered his firearm and drew his TASER. Defendants deny that Defendant Trujillo violently wrenched Plaintiff's arm. Defendants further deny that Defendant Noel tased Plaintiff approximately 15 times. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

15.     With respect to the allegations set forth in paragraph 18 of the Complaint, Defendants admit that Plaintiff was removed from the truck, handcuffed, and moved to the patrol

car. Defendants admit to opening the rear passenger door. Defendants deny that Plaintiff was not given the opportunity to comply. Defendants admit that Defendant Trujillo tased Plaintiff once but deny that Defendant Trujillo aimed at Plaintiff's face. Defendants admit that Defendant Noel's TASER was out. Defendants deny that Defendant Noel tased Plaintiff approximately 15 times and deny that he did so another approximately 7 times. Defendants deny that they slammed Plaintiff's leg in the door before shutting it. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

16.     With respect to the allegations set forth in paragraph 19 of the Complaint, Defendants admit Defendant Trujillo opened the patrol car to gather information from Plaintiff. Defendants admit that Plaintiff did not wish to cooperate but deny that it was because Defendant Trujillo had just brutalized him. Defendants admit that Defendant Trujillo grabbed Plaintiff but deny the characterization as "violently." Defendants deny that Defendant Trujillo slammed Plaintiff to the pavement while threatening Plaintiff with "additional charges." Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

17.     With respect to the allegations set forth in paragraph 20 of the Complaint, Defendants admit Defendant Trujillo deactivated his body camera, but to the extent this sentence contains legal argument as to the breaking of law and policy, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants deny that Defendant Trujillo denied Plaintiff's request to ride with the ambulance on-scene to the hospital. Defendants admit to taking Plaintiff to the jail, which was a short drive away. Defendants admit Defendant

Trujillo drove Plaintiff to the hospital. Defendants admit that a conversation occurred between Defendant Trujillo and Plaintiff regarding Defendant Trujillo's uniform and his visibility as a cop but deny Plaintiff's mischaracterization of the conversation. Defendants admit that Defendant Trujillo insisted on taking Plaintiff to the hospital from the jail after Plaintiff's request to ride with the ambulance. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

18.     With respect to the allegations set forth in paragraph 22 of the Complaint, Defendants deny the allegations. To the extent this paragraph contains legal argument, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

19.     With respect to the allegations set forth in paragraph 23 of the Complaint, Defendants admit that Plaintiff was arrested and charged with various offences. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

20.     With respect to the allegations set forth in paragraph 25 of the Complaint, Defendants admit that Defendants filed police reports and that Defendant Noel filed a Sworn Affidavit of Probable Cause for a Warrantless Arrest. Defendants deny that said affidavit included false claims and deny that there was illegal contact, detention, and arrest. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

21.     With respect to the allegations set forth in paragraph 26 of the Complaint, Defendants deny that Plaintiff was legally parked and in no way impeding or interfering with traffic or the traffic stop. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

22.     With respect to the allegations set forth in paragraph 27 of the Complaint, Defendants admit Noel commanded Plaintiff to leave. Defendants deny that Defendant Noel fabricated a scenario or lied. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

23.     With respect to the allegations set forth in paragraph 28 of the Complaint, Defendants deny that Defendant Noel fabricated or asserted patently false statements. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

24.     With respect to the allegations set forth in paragraph 29 of the Complaint, Defendants admit Defendant Noel repeatedly grabbed the door handle and grabbed his pistol, aiming it in Plaintiff's direction. Defendants deny that Defendant Noel violently slammed the butt of his pistol onto the hood of Plaintiff's truck. Defendants lack sufficient information and

knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

25.     With respect to the allegations set forth in paragraph 31 of the Complaint, Defendants deny that Defendant Noel drive stun tased Plaintiff approximately 15 times. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

26.     With respect to the allegations set forth in paragraph 32 of the Complaint, Defendants deny that Defendant Noel fabricated statements in his affidavit and that Defendant Noel continuously drive stun tased plaintiff approximately 7 times. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

27.     With respect to the allegations set forth in paragraph 35 of the Complaint, Defendants deny that Defendant Trujillo wrote a false or minimized statement as to what occurred during the encounter with Plaintiff. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore,

deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

28.     With respect to the allegations set forth in paragraph 36 of the Complaint, Defendants admit that Defendant Trujillo reported that at multiple points Plaintiff kicked at Defendants and kicked the door of the police car open. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

29.     With respect to the allegations set forth in paragraph 37 of the Complaint, Defendants admit that Defendant Trujillo's report stated Plaintiff slipped. Defendants further admit that Plaintiff was removed from the police car. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

30.     With respect to the allegations set forth in paragraph 38 of the Complaint, Defendants deny that such a conversation did not occur. To the extent that this paragraph contains argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

31.     With respect to the allegations set forth in paragraph 41 of the Complaint, Defendants deny that Defendant Trujillo has a long history of involvement with domestic abuse and criminal violence. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

32.     With respect to the allegations set forth in paragraph 43 of the Complaint, Defendants deny that Defendant Trujillo was suicidal and that responding officers confiscated his firearms. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

33.     With respect to the allegations set forth in paragraph 44 of the Complaint, Defendants deny that Defendant Trujillo assaulted his brother, dragging him across the highway, and requiring him to crawl across the road. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

34.     With respect to the allegations set forth in paragraph 45 of the Complaint, Defendants deny that Defendant Trujillo killed an unarmed man as the man was armed with a pitchfork. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

35.     With respect to the allegations set forth in paragraph 46 of the Complaint, Defendants admit that they were named defendants in case *22-cv-01499-CMS-MDB*. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

36.     With respect to the allegations set forth in paragraph 48 of the Complaint, Defendants deny that they displayed horrible, aggressive attitudes during the encounter and further

deny that Plaintiff complied. To the extent that this paragraph contains arguments by counsel and legal conclusions, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

37.     With respect to the allegations set forth in paragraph 49 of the Complaint, Defendants deny that Plaintiff was an innocent bystander, that Plaintiff complied with Defendants' commands, and that Defendant Trujillo resorted to the threatened use of deadly force by pointing a firearm in Plaintiff's face. Defendants further deny that they, without justification, used physical violence, while Plaintiff had committed no criminal offense. To the extent that this paragraph contains arguments by counsel and legal conclusions, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

38.     With respect to the allegations set forth in paragraph 50 of the Complaint, Defendants deny the use of deadly force and deny that they inexplicably drew and pointed pistols directly in Plaintiff's face. To the extent that this paragraph contains arguments by counsel and legal conclusions, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

39.     With respect to the allegations set forth in paragraph 51 of the Complaint, Defendants deny that Plaintiff was compliant with Defendants' commands. To the extent that this paragraph contains argument by counsel and legal conclusions, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegation and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

40.     With respect to the allegations set forth in paragraph 53 of the Complaint, Defendants deny that they had absolutely no reason to believe that Plaintiff was a danger to anyone, and that Plaintiff was tased approximately 15 times while in the driver's seat. Defendants deny that Plaintiff was unable to put the truck in park because of the physical force being used against him by both officers. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

41.     With respect to the allegations set forth in paragraph 54 of the Complaint, no response is required as it is addressed to other parties, contains argument by counsel, and legal conclusions. To the extent that a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

42.     With respect to the allegations set forth in paragraph 56 of the Complaint, Defendants deny that Plaintiff's truck was legally parked and that there was no reason to tow it. To the extent that this paragraph contains arguments by counsel and legal conclusions, no response

is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

43.     With respect to the allegations set forth in paragraph 57 of the Complaint, Defendants admit that Defendant Trujillo turned off his body camera during transport. To the extent that this paragraph contains arguments by counsel, legal conclusions, and policy statements, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

44.     With respect to the allegations set forth in paragraph 62 of the Complaint, Defendants deny that Defendant Trujillo pointed his pistol at Plaintiff. Defendants lack sufficient information and knowledge to form a belief as to whether a Use of Force form was completed and, therefore, deny the same. To the extent that this paragraph contains arguments by counsel, legal conclusions, and policy statements, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

45.     With respect to the allegations set forth in paragraph 64 of the Complaint, Defendants deny that they made fabrications about what happened and lied about Defendant Noel getting his arm stuck in Plaintiff's truck and being dragged. Defendants further deny that the denied

lie was a nefarious attempt to justify wildly excessive use of force. To the extent that this paragraph contains arguments by counsel, legal conclusions, policy statements, and is directed to other parties, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

46.     With respect to the allegations set forth in paragraph 75 of the Complaint, Defendants admit that Defendant Trujillo was employed by Las Animas County Sheriff's Department on four separate occasions but lack sufficient information and knowledge to form a belief as to the veracity of the remaining details of employment and, therefore, deny the same. To the extent that this paragraph is directed towards other parties, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

47.     With respect to the allegations set forth in paragraph 76 of the Complaint, Defendants lack sufficient information and knowledge to form a belief as to the veracity of Defendant Trujillo's convictions and disclosures and, therefore, deny the same. To the extent that this paragraph is directed towards other parties, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information

and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

48.     With respect to the allegations set forth in paragraph 77 of the Complaint, Defendants deny that Defendant Trujillo was suspended for a DUI, crashing his patrol vehicle under suspicion of DUI, and that he was required to undergo domestic violence therapy with alcohol treatment. Defendants lacks sufficient information and knowledge to form a belief as to the veracity of whether Defendant Trujillo was specifically named in the *Kurzenberger v. City of Trinidad* case and whether his alleged misconduct was documented therein and, therefore, deny the same. To the extent that this paragraph is directed towards other parties, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

49.     With respect to the allegations set forth in paragraph 80 of the Complaint, Defendants admit that Defendant Trujillo was a defendant in *22-cv-01499*. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

50.     With respect to the allegations set forth in paragraph 86 of the Complaint, Defendants deny that Defendant Trujillo has a nearly three-decade history of documented violence. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

51.     With respect to the allegations set forth in paragraph 90 of the Complaint, Defendants admit the Las Animus County Sheriff's Department employed the Pueblo County Sheriff's Office to conduct an internal affairs investigation. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

52.     With respect to the allegations set forth in paragraph 97 of the Complaint, Defendants admit they were terminated from employment at LACSD. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

53.     With respect to the allegations set forth in paragraph 102 of the Complaint, Defendants deny they falsified any reports. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

54.     With respect to the allegations set forth in paragraph 106 of the Complaint, Defendants deny that Defendant Trujillo threatened the use of deadly force by pointing his pistol at Plaintiff. Defendants further deny that Plaintiff complied with orders. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

55.     With respect to the allegations set forth in paragraph 107 of the Complaint, Defendants deny that Defendant Trujillo suddenly, violently, and without justification physically

attacked Plaintiff by wrenching his arm outside the window and slamming Plaintiff to the ground. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

56.     With respect to the allegations set forth in paragraph 108 of the Complaint, Defendants deny that Defendant Noel suddenly, violently, and without justification repeatedly drive stunned Plaintiff approximately 35 times. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

57.     With respect to the allegations set forth in paragraph 110 of the Complaint, Defendants deny that Plaintiff was not violating any law. Defendants further deny that they escalated the encounter by fabricating justifications to contact and assault Plaintiff. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

58.     With respect to the allegations set forth in paragraph 115 of the Complaint, Defendants deny that Plaintiff was not in violation of any law, that Defendant Trujillo threatened Plaintiff with deadly force by pointing a pistol in his face, and that the only action Plaintiff took was to drive away per orders. Defendants further deny that they used false justifications to violently assault Plaintiff. To the extent that this paragraph contains legal conclusions and argument by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

59.     With respect to the allegations set forth in paragraph 125 of the Complaint, Defendants deny that Defendant Trujillo verbally accosted and abused Plaintiff. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

60.     With respect to the allegations set forth in paragraph 152 of the Complaint, Defendants deny that they charged Plaintiff with crimes that had no basis in law or fact. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

61.     With respect to the allegations set forth in paragraph 153 of the Complaint, Defendants deny that Defendant Trujillo resorted to the threatened use of deadly force. Defendants

further deny that they repeatedly and without justification assaulted Plaintiff. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

62.     With respect to the allegations set forth in paragraph 154 of the Complaint, Defendants admit that Defendant Noel filed an affidavit but deny that it was a fabricated version of events to justify use of force and charges against Plaintiff. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

63.     With respect to the allegations set forth in paragraph 161 of the Complaint, Defendants deny that Defendant Trujillo resorted to the threatened use of deadly force. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations and, therefore, deny the same.

64.     With respect to the allegations set forth in paragraph 165 of the Complaint, Defendants admit that Defendant Trujillo asked Plaintiff whether he needed to be behind the traffic stop, that he stated they don't like when people pull in behind them, and that he needed to leave. To the extent that this paragraph contains legal conclusions and arguments by counsel, no response is required. To the extent a response is required, Defendants lack sufficient information and knowledge to form a belief as to the veracity of the allegations and, therefore, deny the same. Defendants lack sufficient information and knowledge to form a belief as to the veracity of the remaining allegations, and, therefore, deny the same.

65.     With respect to any remaining allegations set forth in the Complaint, Defendants deny the same and do not admit any of those allegations unless expressly admitted herein.

## II. DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted, either in whole or in part.

2.      Defendants did not violate Plaintiff's constitutional rights.

3.      Defendants' actions were objectively reasonable under the circumstances presented.

4.      Defendants' actions were undertaken with a good faith belief in their lawfulness.

5.      Defendants were lawfully exercising powers conferred upon them and they were justified in their exercise of those powers.

6.      Plaintiff's arrest was supported by probable cause.

7.      Plaintiff did not have a constitutional right to have the incident recorded via body camera or in receiving a *Miranda* warning.

8.      At all times herein, Defendants acted in accordance with all common law, statutory, and constitutional obligations and without any intent to cause Plaintiff harm.

9.      Defendants did not breach any legal duty allegedly owed to Plaintiff.

10.     Plaintiff's alleged injuries and damages, if any, were either directly or proximately caused by his own conduct and should be reduced accordingly.

11.     Plaintiff's alleged injuries and damages, if any, were not directly or proximately caused by any act or omission of Defendants.

12.     Plaintiff's alleged injuries and damages, if any, were either pre-existing or not aggravated by any act or omission of Defendants.

13.     Plaintiff's alleged injuries and damages are not to the extent and nature as alleged in the Complaint.

14.     Plaintiff has failed to mitigate his alleged damages.

15.     C.R.S. § 13-21-131, in whole or in part, is unconstitutional.

16.     Defendants reserve the right to add additional defenses that become apparent through disclosures and discovery.

### III. <u>REQUEST FOR RELIEF</u>

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court grant relief as follows:

A.      Dismissing with prejudice Plaintiff's Complaint against Defendants;

B.      Entering judgment in favor of Defendants and against Plaintiff for reasonable costs and attorney fees in defense of this action; and

C.      Such other and further relief as the Court deems just and proper.

## IV. <u>JURY DEMAND</u>

Defendant hereby demands that this case be tried before a jury.

Dated this 3rd day of October, 2023.

*s/ David M. Goddard*
David M. Goddard
Bruno, Colin & Lowe, P.C.
1120 Lincoln Street, Suite 1606
Denver, CO  80203
Telephone: (303) 831-1099
dgoddard@brunolawyers.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2023, true and correct copy of the foregoing **DEFENDANT TRUJILLO AND NOEL'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** was electronically served to the following:

Alexandria L. Bell
Mathew Hegarty
Hall & Evans LLC
1001 17th Street Ste 300
Denver, CO 80202
bella@hallevans.com
hegartym@hallevans.com
*Counsel for Defendants Navarette, Santistevan, BOCC*


KEVIN MEHR
Mehr Law PLLC
3107 W. Colorado Ave. #184
Colorado Springs, CO 80904
Kevin.mehr@mehrlawcolorado.com
*Counsel for Plaintiff*


                                              *s/ Julie Bozeman*
                                              Julie Bozeman, Paralegal
                                              Bruno, Colin & Lowe, P.C.